**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JUANITA MARIE D.,

                                Plaintiff,

      v.                                                 6:16-CV-1457
                                                           (CFH)

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

---

**APPEARANCES:**                                  **OF COUNSEL:**
Law Offices of Steve R. Dolson              GREGORY P. FAIR, ESQ.
126 North Salina Street, Ste. 3B             STEVEN R. DOLSON, ESQ.
Syracuse, New York 13202
Attorneys for plaintiff

Social Security Administration                SERGEI ADEN, ESQ.
Office of Regional General Counsel
Region II
26 Federal Plaza, Rm. 3904
New York, New York 10278
Attorneys for defendant

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION & ORDER

     Presently pending before the Court is a motion for attorneys fees, filed by plaintiff's counsel, Steven R. Dolson, seeking the Court to authorize an award of $11,772.50 pursuant to Section 406(b) of the Social Security Act. Dkt. No. 20. Defendant Nancy A. Berryhill, Acting Commissioner of Social Security filed a letter brief providing a "response to facilitate the proper administration of the attorney's fees provisions contained in Section 406(b)." Dkt. No. 25. For the reasons discussed below,

the Court grants counsel's motion in part and denies the motion in part.

## I. Background

On December 6, 2016, plaintiff commenced this action seeking to appeal the Commissioner's denial of her application for disability insurance benefits. Dkt. No. 1. On March 20, 2018, the Court granted plaintiff's motion for judgment on the pleadings, vacating the decision of the Social Security Administration ("SSA"), and remanding to the Commissioner pursuant to sentence four of § 405(g). Dkt. Nos. 13, 14. Upon remand, the SSA issued a favorable decision, finding plaintiff disabled. Dkt. No. 20-4 at 2-12. Pursuant to a stipulation between the parties, plaintiff was awarded $3,088.84 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 18.

Mr. Dolson provides that he spent 2.2 hours on plaintiff's case, and that his normal hourly rate is $300.00 per hour. Dkt. No. 20-1 at 2-3. Gregory P. Fair, also with the Law Offices of Steven R. Dolson, provided that he spent a total of 13.3 hours on the case, and that his normal hourly rate is $200.00 per hour. Dkt. No. 20-2 at 2. Plaintiff entered into a fee agreement with the Law Offices of Steve R. Dolson, agreeing to pay 25% of any past-due benefits awarded or $6,000, whichever is lower, but the fee agreement indicates that, "[i]f an appeal is taken of the decision of an Administrative Law Judge to the Appeals Council or to a federal court, the $6,000.00 limit shall not apply." Dkt. No. 20-4 at 22. Further, the fee agreement consents for counsel to apply for fees should the matter be brought in federal court, and that "as a result of an EAJA

fee, the total fee paid to the attorney may exceed 25% of retroactive benefits, but the client will not be responsible for any fee in excess of 25%; the government will be responsible for such excess." Id.

## II. Legal Standard

42 U.S.C. § 406(b) sets forth provisions for the recovery of attorneys fees for work performed while representing a plaintiff in litigating a social security appeal.[1] The Supreme Court of the United States has recently concluded that the 25% cap on fees applies to fees under section 406(b) only; thus, an attorney is not barred by this statute from receiving a total fee award of greater than 25%, as long as the amount received pursuant to section 406(b) is no higher than 25% of past due benefits. Culbertson v. Berryhill, __U.S.___, 139 S.Ct 517, 523-24 (2019) (holding that § 406(b)(a)(A)'s 25% cap "applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b)[.]"). Thus, "in seeking attorney's fees [pursuant to section 406(b)] [the attorney] is under no obligation to subtract the fees he recovered at the administrative level from the twenty-five percent withheld from plaintiff's past due

---

[1] "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph."
42 U.S.C. § 406(b)(1)(A).

3

benefits under section 406(b)." Daniel E.W. v. Berryhill, 5:17-CV-271 (DEP), 2019 WL 1986538, at *4 (N.D.N.Y. May 6, 2019) (citing Culbertson, 139 S.Ct. at 522)).

"'However, even when a requested fee is within the 25% limit established by Section 406(b), the attorney for the successful claimant must also show that 'the fee sought is reasonable for the services rendered.'" Linda N. v. Comm'r of Soc. Sec., 5:17-CV-567 (ATB), 2019 WL 1292390, at *3 (N.D.N.Y. Mar. 21, 2019) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). "'In awarding attorney's fees under section 406(b) where there is an underlying contingency fee agreement, 'a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]'" Daniel E.W., 2019 WL 1986538, at *4 ((quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)). "That reasonableness inquiry is informed by several factors, including whether (1) there is evidence of fraud, (2) the attorney was ineffective or caused unnecessary delay, and (3) the fee would result in a windfall to the attorney in relation to the services provided." Id. (citing Schiebel v. Colvin, No. 14-CV00739, 2016 WL 7338410, at *2 (N.D.N.Y. Dec. 19, 2016)).

### III. Arguments

Mr. Dolson provides that, although the parties stipulated to EAJA attorney's fees of $3,088.84, "the award was subject to a debt offset of $3,088.84, and the undersigned did not receive any fees." Dkt. No. 20-3 at 2. Mr. Dolson seeks an award under § 406(b) of $11,772.50 for 15.5 hours of work cumulatively performed by two attorneys, amounting to a de facto hourly rate of $759.52. Dkt. No. 20-3. Counsel contends that

the $11,772.50 fee is reasonable, as it is 25% of the past-due benefits; the de facto hourly rate is reasonable, considering the contingent nature of the case, the success rate of social security appeals, and the attorneys' experience; and because plaintiff signed a fee agreement which permitted an award of 25% of past-due benefits for a successful result. See generally id. Although he does not explicitly address whether he will be seeking to recover fees under section 406(a) – he notes he has not, at the time of the filing of his motion, "charged and collected a fee from the Plaintiff for work done at Administrative level," counsel also provides that, pursuant to Culbertson, section 406(b) does not preclude him from receiving an award of greater than 25%, when considering fees that may be recovered under § 406(a). Id. at 2, 3.

    The Commissioner recommends that the Court

> direct that counsel are to receive no more than 25 percent of past-due benefits, or $11,772.50, from the combined awards under Section 406(a) and Section 406(b), not because of the statutory 25 percent cap, but because of Plaintiff's fee agreement. This Court should either grant an award that stays within the confines of that combined limit, or direct counsel to refund any excess.

Dkt. No. 25 at 3.

### IV. Discussion

Here, the Court finds that the de facto hourly rate of $759.52, although more than double Mr. Dolson's regularly hourly rate and 3.5 times Mr. Fair's hourly rate and a rate that is "far from modest," not so outrageous as to amount to a windfall. Daniel E., 2019 WL 1986538, at *6; Cf. Linda N., 2019 WL 1292390, at *4 (reducing requested

5

award where de facto rate would be $1000 per hour, where "counsel for the Commissioner made a remand offer before plaintiff was required to file a brief, and apparently before any significant communication between counsel about the merits of the case."). There is no evidence of fraud or delay, and counsel obtained a successful result for his client. Gisbrecht, 535 U.S. at 808 (noting that courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."). Thus, the Court finds that the request of $11,772.50, amounting to 25% of past-due benefits, to be reasonable.

However, the Court agrees with the Commissioner's recommendation that plaintiff be limited to 25% of past -due benefits. The Court finds significant that plaintiff and her counsel contracted to a limit of 25% of past due benefits. Dkt. No. 20-4 at 22. Although the fee agreement contemplates that the total fees due to the attorney may rise above 25% if the attorney is awarded a fee under the EAJA, the fee agreement does not contemplate the attorney receiving a 25% of past benefits award for litigation work pursuant to § 406(b) and an additional award beyond the 25% of past-due benefits for work done at the administrative level pursuant to § 406(a). Id. The agreement merely provides that the attorney fee will be the lesser of 25% of past due benefits or $6,000, and that the $6,000 limit did not apply where an appeal is taken to the Appeals Council or federal court. Id. Further, a plain reading of the fee agreement makes clear to the reader that plaintiff would not be responsible for any amount above 25% of the past due benefits, suggesting that the 25% past due benefits would be the full and total amount to which the attorney is entitled for his representation. Id. ("I

6

understand that as a result of an EAJA fee, the total fee paid to the attorney may exceed 25% of retroactive benefits, but the client will not be responsible for any fee in excess of 25%; the government will be responsible for such excess.").

Accordingly, in granting the award of $11,772.50, representing 25% of past-due benefits, the Court is limiting counsel to this award. Counsel may not seek an award of additional fees under § 406(a) for work performed at the administrative level. Although the Court recognizes that the district court does not assess fee applications pursuant to § 406(a), in deciding whether the requested award is proper under § 406(b) and making a determination of reasonableness, the Court must consider the agreement contracted to between the parties. See Daniel E.W., 2019 WL 1986538, at *4. Here, the Court finds that the agreement reasonably limits counsel to an award of 25% of past due benefits, regardless whether it is recouped for work performed at the administrative level or on appeal.

In addition, although counsel indicates that he did not receive the stipulated EAJA award of $3,088.84 due to federal debt offset, the Court is assuming that this amount will not be made available to counsel in the future. However, should this amount ever be awarded to counsel in the future, counsel must return this award, or any portion that may be awarded, to plaintiff.

Accordingly, counsel for plaintiff's Motion for Attorney's Fees is granted in part insofar as counsel is awarded the requested $11,772.50, amounting to 25% of past due benefits. The motion is otherwise denied, insofar as counsel is prohibited from seeking any additional fee, pursuant to section 406(a), for work performed at the administrative

7

level, and that, should counsel receive any previously withheld EAJA award in the future, counsel must remit such award to plaintiff. Wells, 855 F.2d at 42, 48.

### V. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that counsel's motion for attorney's fees (Dkt. No. 20) is **GRANTED IN PART AND DENIED IN PART**, as set forth herein; and it is further

**ORDERED**, that the Law Offices of Steven R. Dolson is awarded the sum of $11,772.50 in accordance with 42 U.S.C. 406(b), as fees pursuant to the law firm's agreement with plaintiff, to be paid from the amount withheld from the past due benefits awarded to plaintiff, and it is further

**ORDERED**, that the Law Offices of Steven R. Dolson is not to seek further recovery of fees from representation at the administrative level, pursuant to §406(a), and if such fees are to be awarded, such fees be remitted to plaintiff, and it is further

**ORDERED**, should the Law Offices of Steven R. Dolson receive any attorney's fees pursuant to Equal Access to Justice Act in the future for its representation of plaintiff in this case, the attorney must remit all such funds to plaintiff.

**IT IS SO ORDERED**.

Dated: May 8, 2019
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

8